UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN EDWARD REEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00195-WTL-DKL |
| ) | |
| DAVID BREWER OFC.; (#245), ) | |
| SEVIGNY SGT.; (#159), ) | |
| TONEY OFC.; (#246), ) | |
| COUNTY OF VIGO, ) | |
| TERRE HAUTE POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting *In Forma Pauperis* Status,
Dismissing Insufficient Claims, and Directing Service of Process**

**I. *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.** The assessment of an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre-payment* of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening**

**A. Background**

The complaint is now subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Plaintiff Justin Edward Reedy ("Mr. Reedy") is a pretrial detainee currently incarcerated at the Vigo County Jail. He brings claims against 1) Officer David Brewer; 2) Officer Toney; 3) Sgt. Sevigny; 4) County of Vigo; and 5) Terre Haute Police Department. He alleges violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. He seeks injunctive relief and compensatory and punitive damages.

After leading Terre Haute police officers on a high speed chase at speeds exceeding 100 miles per hour, with his girlfriend in the car, Mr. Reedy lost control of his car and ran into a ditch, striking a tree and getting stuck in the mud. Mr. Reedy and his girlfriend both said they needed medical attention. Mr. Reedy's girlfriend was taken by "Transcare" to Regional Hospital, where she was diagnosed with a fractured sternum and fractured discs in her back. Officer David Brewer and Officer Toney said that Mr. Reedy should be taken to a hospital, but not the same hospital as his girlfriend because he wasn't really hurt and he just wanted to see his girlfriend. Mr. Reedy was arrested and taken to Vigo County Jail to be seen by medical staff there.

Mr. Reedy alleges that Officers Brewer and Toney violated his constitutional rights when they failed to provide him medical attention at the scene of the crime.

### B. Insufficient Claims

The only allegation against Sgt. Sevigny is that he was one of the officers who conducted the felony stop when Mr. Reedy's car finally stopped after it crashed. Without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability

depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). There are no allegations of wrongdoing alleged against Sgt. Sevigny. Therefore, any claim against Sgt. Sevigny is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Reedy names the County of Vigo as a defendant. A county can be held liable for constitutional violations only when there is "an official policy or other governmental custom that not only causes but is the moving force behind the deprivation of constitutional rights." *Wilson v. Cook County,* 742 F.3d 775, 779 (7th Cir. 2014) (internal quotation omitted). "[A] government agency may be liable when its official policy or custom inflicts the plaintiff's injury." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "But a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Id.* (internal quotation omitted). There are no allegations that a county custom or policy caused harm to Mr. Reedy. Therefore, the claim against Vigo County is **dismissed for failure to state a claim upon which relief can be granted.**

The Terre Haute Police Department is not a suable entity. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, any claim against the police department must be **dismissed for failure to state a claim upon which relief can be granted**.

Negligence or even gross negligence is not enough to state a claim under § 1983. *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005). At the time of his claim, Mr. Reedy was an arrestee, which is governed by the Fourth Amendment. *Lopez v. City of Chicago,* 464 F.3d 711, 719 (7th Cir. 2006). The Fourth Amendment's "objectively reasonable" standard applies to medical claims brought by arrestees. *Currie v. Chhabra,* 728 F.3d 626, 629-30 (7th Cir. 2013); *Ortiz v. City of Chicago,* 656 F.3d 523, 530 (7th Cir. 2011). Mr. Reedy's Fourteenth Amendment

equal protection and Eighth Amendment claims add nothing of substance. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). The Fourteenth and Eighth Amendment claims are **dismissed for failure to state a claim upon which relief can be granted**.

No partial final judgment shall issue at this time as to the claims that are dismissed in this Entry.

### C.  Claims That Shall Proceed

The Fourth Amendment claims that Officers David Brewer and Toney failed to act reasonably with regard to Mr. Reedy's need for medical attention shall proceed.

### III. Directing Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to Officer David Brewer and Officer Toney in the manner specified by Rule 4(d). Process shall consist of the complaint filed on June 2, 2016 (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk shall **update the docket** to reflect the dismissal of all defendants other than Officer Brewer and Officer Toney.

**IT IS SO ORDERED.**

*/s/ William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 6/8/16

**NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

JUSTIN EDWARD REEDY
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807

Officer David Brewer, #245
Terre Haute Police Department
1211 Wabash Ave.
Terre Haute, IN 47807

Officer Toney, #246
Terre Haute Police Department
1211 Wabash Ave.
Terre Haute, IN 47807